**John A. BOWER, Appellant,**

v.

**C. S. MURPHY et al., Appellees.**

No. 3245.

Court of Civil Appeals of Texas.

Eastland.

July 13, 1956.

Rehearing Denied Aug. 3, 1956.

Ivan Irwin, Dallas, for appellant.

T. D. Wells, Paris, for appellees.

COLLINGS, Justice.

W. T. Murphy and C. S. Murphy, a partnership doing business as Murphy and Son of Antlers, Oklahoma, brought this suit against John A. Bower, doing business as E. G. Bower Lumber Company. The suit was based upon a sworn account for lumber alleged to have been sold and delivered to the defendant at Antlers, Oklahoma, in the alleged amount of $1,673.11 and for $550 attorneys' fees. The defendant John A. Bower denied under oath the correctness of the verified account. He alleged that he by written order on May 19, 1955, ordered from plaintiffs' company the lumber described in the exhibit to plaintiffs' petition of the grade and description set out therein. He alleged that upon arrival of the lumber in Dallas it was discovered that the lumber was not of the grade and was not kiln dried as specified in the order. Bower alleged that he immediately called for an official inspection by the Southern Pine Inspection Bureau; that such an inspection was had and revealed that the lumber furnished by plaintiffs was below the grade described in the order; that the lumber was air dried and not kiln dried. Defendant prayed that plaintiffs take nothing by their suit. Bower also brought a cross-action against the plaintiffs for the sum of $61.76, the amount of the inspection fee paid the Southern Pine Inspection Bureau which it was alleged that plaintiffs had authorized. Bower also sought judgment for labor, transportation and storage expenses incurred.

The case was tried before the court without a jury and judgment rendered in favor of plaintiffs against the defendant Bower in the sum of $1,572.72, which was the total amount sued for less a "Wholesale Discount" of $109.39 as shown on the original invoice; and less $61.76 for inspection charges. Judgment was also granted

 

against Bower for $400 attorneys' fees. John A. Bower has appealed.

Appellant Bower urges in his first point, that the court erred in rendering judgment for appellees because the undisputed evidence shows that they breached the contract by delivering lumber that failed to comform to the buyer's specifications. This point presents the controlling question on the appeal. Other points are dependent upon or closely related thereto and need not be discussed.

The evidence shows that the written order of appellant Bower called for delivery of lumber described therein to "us—mill—our truck at Antlers, Oklahoma, invoice to same F. O. B. mill, loaded on our truck—." There was evidence to the effect that some of the lumber did not conform to the buyer's specifications, but the evidence was not undisputed as appellant contends, and was not conclusive to that effect. It is first to be noted that appellant's expert witness, C. J. Griffin, an inspector for the Southern Pine Inspection Bureau, who had at appellant's instance examined the lumber, refused on cross-examination to say that the lumber was not kiln dried as alleged in appellant's pleadings. Appellee W. T. Murphy testified that he did not sell appellant any inferior grades of lumber as claimed and testified to by appellant and by the witness C. J. Griffin. Murphy testified that the lumber was delivered on appellant's truck at the mill in Antlers, Oklahoma, in strict accord with the written order made by appellant. He testified that when the lumber was loaded at the mill it was "powder dry" and did not contain excess moisture as claimed by appellant, which was the principal objection urged against the lumber by appellant's witness, C. J. Griffin. Murphy further testified that it was raining in Antlers on the day that the lumber was delivered, and that after the lumber was loaded appellant's truck driver covered it with tarpaulin for the purpose of protecting it, but did so in an improper manner

although he was warned by Murphy's mill supervisor that he was "trapping the water instead of shedding it." No findings of fact were made by the trial court and no request was made therefor. The evidence in our opinion supports the presumed finding in support of the judgment that the lumber delivered to the truck driver of appellant John A. Bower in Antlers, Oklahoma, was of the quality and grade called for in the buyer's order. Appellant's point urging that the undisputed evidence is to the contrary is overruled.

The judgment of the trial court is affirmed.